# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JAMES P. ENGELS,

          Plaintiff,

 v.               7:13-CV-751
                   (NAM/ATB)

TOWN OF POTSDAM, et al.,

          Defendants.

JAMES P. ENGELS
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, filed by pro se plaintiff, James P. Engels (Dkt. No. 1). Plaintiff has paid the filing fee for this action.

## I.  Complaint

Plaintiff has named six defendants in this action, including the Town of Potsdam, an environmental conservation officer, two town justices, and two assistant district attorneys. (Compl. ¶¶ 3-8). Plaintiff appears to be challenging a criminal action brought against him, resulting from his ownership of a junkyard and the storage of tires on the property.[1] Plaintiff states that in August of 2007, the Town of Parishville filed a complaint against plaintiff with defendant Department of Conservation ("DEC") Officer Jonathan Ryan. (Compl. ¶ 9). As a result of that

---

[1] The court notes that this is not the first case that plaintiff has brought relative to this junkyard. In 2009, plaintiff sued various Town of Parishville officials regarding permits for the junkyard and fines imposed for failure to comply with regulations. *Engels v. Town of Parishville*, No. 7:09-CV-415 (TJM/GHL). Plaintiff's 2009 case was closed on February 4, 2010 when Senior Judge Thomas McAvoy denied plaintiff's motion for reconsideration of Judge McAvoy's order dismissing the action in its entirety and his order denying plaintiff's motion to amend. (Dkt. No. 33).

complaint, plaintiff states that he was ticketed for a violation of 6 NYCRR § 360-13.1(b).[2]

Plaintiff states that the case was originally scheduled to be heard in the Town of Parishville Court, but that the Town of Parishville Justice, defendant Frank Dunning, disqualified himself from hearing the case.[3] (*Id.*) Due to the disqualification, the case was transferred to the Potsdam Town Court, with defendant Justice Samuel Charelson presiding. (*Id.*). Plaintiff claims that, after defendant Dunning recused himself, he discussed his dislike for plaintiff and his opinion regarding the outcome of the case, with defendant Ryan. (*Id.*) Plaintiff alleges that these conversations between defendant Ryan and defendant Dunning were "an abuse of power." Plaintiff also claims that he "went before Supreme Court Judges against Town of Parishville's attorney Roger Linden concerning my junkyard permit," and on both occasions, he "mentioned in the court's [sic] that Frank Dunning had been stalking me." (*Id.*)

Plaintiff decided that based on the "unnecessary change"[4] in the course of the action, he realized that he could not get a fair hearing because the two judges were

---

[2] This section of the New York Department of Environmental Conservation regulations provides that no person shall engage in storing 1,000 or more waste tires at a time without first obtaining a permit to do so. N.Y. Comp. Codes R. & Regs ("NYCRR"), tit. 6, § 360-13.1(b).

[3] Essentially, Town Justice Dunning recused himself from hearing the case. The court will use the term "disqualify" and "recuse" interchangeably. The court notes that Mr. Dunning's September 6, 2007 "Certificate of Disqualification" is an Exhibit in plaintiff's prior action. *Engels v. Town of Parishville*, No. 7:09-CV-45 (Compl. & Ex. O; Dkt. No. 1). The certificate states that Mr. Dunning's property is in "immediate proximity" to the plaintiff's property. Thus, Town Justice Dunning requested that the District Attorney of St. Lawrence County transfer the case to another court.

[4] It is not clear from the complaint what "change" plaintiff claims was "unnecessary."

2

"allegedly well acquainted." (Compl. ¶ 10). Plaintiff claims that defendant Dunning made it clear to the Potsdam Town Court and to the DEC how he would like the case to be resolved. (*Id.*)

Plaintiff states that he appeared in the Potsdam Town Court twenty-two times, and that four of these appearances were "never recorded or transcribed." (Compl. ¶ 11). Plaintiff claims that this shows a "lack of care, duty, and disregard of the law by the employees for the town court." (*Id.*) Plaintiff claims that there were "countless" unnecessary adjournments, due to "collusion and lack of knowledge on behalf of the court and the prosecuting attorneys on how to proceed with the charge." (*Id.*)

Plaintiff states that on his July 29, 2009 appearance, the Assistant District Attorney ("ADA"), defendant Jonathan Becker, asked plaintiff to sign a conditional discharge, and plaintiff agreed because defendant Becker told plaintiff that by signing the stipulation, he would only receive a "penalty" with no jail time for the violation. (Compl. ¶12). After the 90-day conditional discharge, defendant Ryan and another officer (who is not a defendant in this action) came to inspect plaintiff's premises. (Compl. ¶ 13). Plaintiff claims that defendant Ryan told him that "Mr. Dunning's comment was that he 'wants all the tires out of here.'" (*Id.*) Plaintiff states that it was unethical for defendant Dunning to disqualify himself from hearing plaintiff's case, but continue to communicate with, and influence defendant Ryan and the Potsdam Town Court. (*Id.*) On November 6, 2009, defendant Ryan wrote to the town court an "unsigned and unsworn" note advising that he and Officer Lauzon inspected plaintiff's premises. (*Id.*)

Plaintiff states that on November 17, 2009, defendant Becker filed an "Affidavit in Support of Declaration of Delinquency" and for "re-sentencing upon the conviction of ECL § 71-2703-2(b)(1)."[5] Plaintiff claims that this section of the law was not mentioned previously, and the applicability of this new section to the charge of unlawful tire storage was "not established in the record." (Compl. ¶ 14). Plaintiff claims that he was in full "DEC compliance" because he had less than 1000 tires on his property. (*Id.*)

Plaintiff states that throughout the many court appearances in December and January,[6] he attempted to show defendant Becker that plaintiff was in compliance with the law, but defendant Becker had no interest in viewing the plaintiff's proof. Plaintiff wrote a letter to defendant Charelson on December 9, 2009, also stating that he was in compliance with the DEC regulations and requesting that the court review his proof, but plaintiff states that he never received a response from the judge. (Comp. ¶ 15).

On January 14, 2010, plaintiff had another court appearance with a different[7]

---

[5] N.Y. Env. Conserv. Law § 71-2703(2)(b) provides criminal penalties for individuals who violate certain section of the law or who fail to perform any duty imposed by title 3 or 7 of article 27 of chapter 43-B. Those penalties include monetary sanctions and a jail term of not more than 15 days. Section 71-2703(2)(b)(i) provides that anyone who violates paragraph (a) and thereby causes or attempts to cause the release of more than ten cubic yards of solid waste into the environment shall be guilt of a Class B misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than $3,750.00, nor more than $22,500.00 per day of the violation or by imprisonment for a term in accordance with the Penal Law or by both fine and imprisonment.

[6] Although plaintiff does not indicate to which year he is referring in this sentence, it is apparent that he is referring to December 2009 and January 2010.

[7] This paragraph of the complaint does not name the "different" ADA. Plaintiff does not mention defendant HaberkornHalm until paragraph 17, and this court does not presume that the ADA in paragraph 16 is the same ADA as in paragraph 17.

4

ADA. (Compl. ¶ 16). Plaintiff claims that the new ADA contradicted defendant Becker regarding "jail time" and told plaintiff that jail time was "involved" for a violation. Plaintiff alleges that, even though he and the ADA were present, the court date was adjourned, and plaintiff was told that he would receive a letter in the mail, notifying him of the new court date. (*Id.*)

Plaintiff states that his "sentencing proceeding" was scheduled for March 11, 2010, and that "prospective defense attorney," Gary Miles appeared and spoke with the court and defendant ADA HaberkornHalm. (Compl. ¶ 17). Plaintiff claims that the judge told Attorney Miles about plaintiff's prior plea, including the "lead battery storage charge,"[8] but that the court was not sure whether it had jurisdiction over all of the charges. The court then allegedly "misinformed" Mr. Miles that the declaration of delinquency was supported by the sworn affidavit of defendant Ryan, because the only affidavit was that of ADA Becker, which "was based on information and belief from reading other documents." (*Id.*) Plaintiff states that defendant Charelson stated that he intened to impose a fine, running from the date of the filing of the Declaration of Delinquency on December 10, 2009, for a total of $1,278,000.00. (*Id.*) Plaintiff claims that with the "massive fine" that was going to be imposed, Attorney Miles chose not to become involved in the case. (*Id.*)

Plaintiff states that defendant Becker filed a motion to dismiss plaintiff's "appeal," and that plaintiff was served with the motion papers only two days before the court date. (Compl. ¶ 18). Plaintiff states that in June of 2012, a "respondent's

---

[8] This is the first time that such a charge is mentioned in the complaint.

5

brief" was filed in opposition to the motion to dismiss, but none of his arguments persuaded the court. (Compl. ¶ 19). Plaintiff states that in his brief, he argued that he was in "complete compliance" with the requirement that he remove the tires from his property, and that it was inappropriate for the town court to vacate the conditional discharge and sentence plaintiff to a huge fine. (*Id.*)

Plaintiff claims that the court failed to comply with the provisions of the Criminal Procedure Law § 410.70,[9] which governs the procedure that must be followed before vacating a conditional discharge. (*Id.*) In addition to several alleged deficiencies in the hearing, plaintiff claims that the judge announced the finding of a violation before even conducting the hearing. (*Id.*) Although the transcript references the court giving plaintiff a copy of the declaration of delinquency, issued by the Potsdam Town Court, plaintiff claims that a copy of that notice is not included in his file. Plaintiff also alleges that there was insufficient evidence to support the revocation. (*Id.*)

Under his "Causes of Action," plaintiff has one lengthy paragraph, entitled "Due Process Violations." (Compl. ¶ 20). In this paragraph, plaintiff claims that he was not given notice of the violation; the evidence was insufficient to support the allegations; he was not given the opportunity to cross-examine adverse witnesses; he was not given the opportunity to be heard in person; present witnesses or documentary

---

[9] Section 410.70 of the New York Criminal Procedure Law is entitled "Hearing on Violation," and governs the revocation of a sentence of probation or a sentence of conditional discharge. The section provides for a preliminary examination, and provides that the defendant is entitled to counsel at all stages of any proceeding under this section. *Id.* § 410.70(2), (4).

6

evidence; and there was no written statement of the evidence relied upon for revoking the conditional discharge. (*Id.*) Plaintiff also claims that no sworn statement from the environmental conservation officers was ever given to him, and there was no testimony from the officers. Plaintiff states that he had the absolute right to counsel, but that the judge misinformed Mr. Miles about the potential penalty, resulting in Mr. Miles's refusal to represent plaintiff. (*Id.*) Plaintiff claims that the court entered a finding of violation before conducting the hearing, and made reference to giving plaintiff a copy of the delinquency declaration, but included no such copy in the "appendix." (*Id.*)

Plaintiff states that he is seeking $50,000.00 for damages and mental anguish "from going to court in excess of . . . three years and twenty-two appearance[s]." (Compl. at p.9). Plaintiff also requests "reasonable pro-se fees and costs" and nominal and punitive damages against the appropriate defendants for improper conviction and fine." (*Id.*)

## II. Sua Sponte Dismissal

The court has the inherent authority to dismiss an action as frivolous when it lacks an arguable basis in either law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Second Circuit has consistently held that this authority extends to meritless cases, even if the pro se plaintiff has paid the filing fee. *Zahl v. Kosovsky*, 471 F. App'x 34, 36 (2d Cir. 2012); *Graham v. Bank of America*, 422 F. App'x 41-42 (2d Cir. 2011) (citations omitted); *Storm Eggink v. Gotfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (citations omitted); *Coleman v. Giuliani*, 144 F. App'x 186 (2d Cir.

7

2005); *Fitzgerald v. First E. Seventh St. Tenants' Corp.*, 221 F.3d 362, 364 n.2 (2d Cir. 2000) (per curiam).

Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362 at 363.

Additionally, to survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

### III. Plaintiff's Criminal Conviction

#### A. Legal Standards

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a **criminal conviction** unless the conviction or

sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. 512 U.S. at 486-87.

   B.   **Application**

Plaintiff includes causes of action alleging that his right to due process was violated during the revocation of his conditional discharge and his sentence to a large fine for the environmental violation. In fact, although plaintiff discusses other things in his complaint, he essentially is challenging the procedures that lead to the revocation. If the court were to rule in plaintiff's favor on any of the claims that he includes in the complaint, it would necessarily invalidate the revocation and resentencing. Plaintiff has not shown that he has had his revocation and resentencing invalidated on state court appeal or on federal habeas corpus. Because plaintiff is seeking damages, and he has not alleged that the revocation and resentencing has been reversed, his civil rights claims are not cognizable and must be dismissed based on *Heck v. Humphrey* as against all defendants.

IV.   **Immunity**

   A.   **Legal Standards**

      1.   **Judges**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of

9

consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

### 2. Prosecutors

Prosecutors also enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the Grand Jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65,

67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

### B. Application

To the extent that plaintiff names the judge who presided over his case (defendant Charelson) and the two ADAs who were involved in the violation hearing (defendants Becker and HaberdonHalm), these three individuals would be entitled to immunity. All the allegations against Town Judge Charelson are related to the alleged due process violations at the hearing, and all the claims against the ADAs involve the decision to prosecute and the prosecution of plaintiff for the violation of his conditional discharge. Thus, the complaint would also be subject to dismissal as against these three defendants based upon either judicial or prosecutorial immunity.[10]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that all initial proceedings in this case are **STAYED** until the resolution of this recommendation by the District Court, and it is

**RECOMMENDED**, that the complaint (Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY** based upon this court's inherent authority to dismiss cases for which there is no subject matter jurisdiction, which are frivolous or are meritless, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report

---

[10] The court is not making any determination regarding defendant Dunning. Plaintiff alleges that defendant Dunning's alleged actions took place after he was no longer presiding over the plaintiff's case. The analysis of whether he would be entitled to immunity is not necessary to this recommendation because of the *Heck v. Humphrey* basis for dismissal.

Recommendation on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **fourteen (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: July 3, 2013

                                                        */s/ Andrew T. Baxter*
                                                        Hon. Andrew T. Baxter
                                                        U.S. Magistrate Judge