UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**JAMES P. ENGELS,**

                            **Plaintiff,**

                            **-v-**                         **7:13-CV-751 (NAM/ATB)**

**TOWN OF POTSDAM; JONATHAN RYAN,
Environmental Conservation Officer; FRANK
DUNNING, Town of Parishville Justice; SAMUEL
CHARELSON, Town of Potsdam Justice;
JONATHAN BECKER, Assistant District
Attorney; and JOSHUA HABERKORNHALM,
Assistant District Attorney,**

                            **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

James P. Engels
152 Maple Street
Potsdam, New York 13676
Plaintiff *pro se*

Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.
Adam H. Cooper, Esq., of counsel
Alaina K. Laferriere, Esq., of counsel
William C. Firth, Esq., of counsel
20 Corporate Woods Boulevard
Albany, New York 12211
Attorney for Defendant Town of Potsdam

Shantz & Belkin
M. Randolph Belkin, Esq., of counsel
26 Century Hill Drive, Suite 202
Latham, New York 12110
Attorney for Defendant Frank Dunning

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Timothy P. Mulvey, Esq., Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455
Attorney for Defendant Jonathan Ryan

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## INTRODUCTION

In this *pro se* action pursuant to 42 U.S.C. § 1983, defendant Jonathan Ryan moves (Dkt. No. 37) to dismiss the complaint for failure to state a claim and/or on statute of limitations grounds. Defendant Town of Potsdam moves (Dkt. No. 65) to dismiss the complaint for failure to state a claim.[1] As set forth below, the Court denies the motion by Ryan and grants the motion by the Town of Potsdam.

## APPLICABLE LAW

To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See ATSI*, 493 F.3d at 98. Where, as here, the plaintiff is proceeding *pro se*, and the complaint alleges civil rights violations, the complaint should be read especially liberally. *See Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006). The submissions of a *pro se* litigant should be interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).

Title 42 U.S.C. § 1983 ("section 1983") states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the

---

[1] Plaintiff's claims against all other defendants except Frank Dunning have been dismissed (Dkt. No. 17).

> United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured[.]

## MOTION BY JONATHAN RYAN

With respect to plaintiff's claim against defendant Jonathan Ryan, the complaint (Dkt. No. 1) alleges as follows: plaintiff was charged in Town of Parishville Justice Court with violation of 6 N.Y.C.R.R. § 360-13.1(b), which provides that "No person shall engage in storing 1,000 or more waste tires at a time without first having obtained a permit to do so...."; that Parishville Town Justice Frank Dunning disqualified himself and transferred the case to Town of Potsdam Justice Court ("Potsdam Town Court"); that on July 29, 2009, plaintiff agreed in the Potsdam Town Court to a 90-day conditional discharge; that after the lapse of the 90-day period, Ryan and Jennifer Lauzon, Environmental Conservation Officers, came to plaintiff's premises for an inspection; that Ryan told plaintiff that Frank Dunning had stated that he "wants all the tires out of here"; and that "Ryan and local courts are influenced by Mr. Dunning."

Attached to plaintiff's objection (Dkt. No. 12) to Magistrate Judge Baxter's Report and Recommendation is a memorandum dated November 6, 2009, from Ryan to Potsdam Town Court Justice Charleson and Jonathan Becker, Assistant District Attorney of St. Lawrence County, regarding the "James Engels case." Ryan's memorandum, on the letterhead of New York State Department of Environmental Conservation, Division of Law Enforcement, states in full:

> I am writing this in reference to the October 30, 2009 date for Mr. Engels plea
> cleanup date. On November 3, 2009, Jennifer Lauzon (D.E.C. Solid Waste
> Eng.), Mr. Engel, and I inspected Mr. Engel's property on the Hanson Road
> Parishville. This property has not been cleaned to the satisfaction of the
> D.E.C. The majority of the tires have not been removed. Please see attached
> photos of Engels Property. Thank you for your time in this matter.

Plaintiff also submits the "Affidavit in Support of Declaration of Delinquency" filed with

-3-

Potsdam Town Court by ADA Becker, stating in full:

> 1. I am an Assistant District Attorney in St. Lawrence County. This Affirmation is made upon information and belief. The source of my information and belief is my review of the file, discussions with the investigating officer, and photos of the subject location, dated 11/3/2009, copies of which are attached and thereby annexed hereto.
>
> 2. The defendant was granted a Conditional Discharge by this Court, dated 7/30/2009, which required, among other things, that the defendant clean his property to the satisfaction of the D.E.C. It appears from the attached annexed pictures that the Defendant has failed to comply with those conditions.
>
> Wherefore, the People request that this Court vacate the Conditional Discharge and re-sentence the defendant upon his conviction of ECL § 71-2703-2bi, together with such additional relief as the Court may deem just and proper.

Plaintiff further submits a transcript of a hearing on March 11, 2010 in Potsdam Town Court in which that court recited:

> ... [O]n 11/3 of '09 the Court was supplied an affidavit in support of declaration of delinquency. It was received here 11/17, with an affidavit from D.E.C. Officer Jonathan Ryan ... stating that to the satisfaction of the Department of Environmental Conservation, the site had not been cleaned. Therefore there was a declaration of delinquency filed with the Court, a hearing held, and Mr. Engels was found in violation of that conditional discharge, and we proceeded to set dates for sentencing.

The Potsdam Town Court continued that it intended to issue fines in excess of $1 million. According to the complaint, throughout this time plaintiff was "in full D.E.C. compliance with less than one thousand tires on [his] property."

The record is incomplete, but, as noted by this Court in its August 26, 2013 decision (Dkt. No. 17):

> In his objection (Dkt. No. 12), plaintiff alleges for the first time that the revocation of his conditional discharge and the ensuing fine were reversed by St. Lawrence County Court on August 24, 2012 on the ground that the Town Court failed to comply with N.Y.C.P.L. § 410.70. Although plaintiff does not attach a copy of the County Court's decision, this allegation is sufficient to make out a plausible claim that the revocation and resentencing have been

> reversed on direct appeal as required by *Heck* [*v. Humphrey*, 512 U.S. 477, 486-87 (1994)]. Given plaintiff's *pro se* status and under the circumstances of this case, the Court deems the facts alleged in plaintiff's objection to be part of plaintiff's complaint.

On this motion, the Court considers all of plaintiff's submissions including his objection and attachments in response to the Report and Recommendation. Accepting as true all factual allegations in plaintiff's submissions, and drawing all reasonable inferences in plaintiff's favor, the Court reads his papers as alleging that he was in compliance with the requirements of the conditional discharge; that Ryan, acting under color of state law, knowingly submitted a false report to Potsdam Town Court stating that plaintiff was not in compliance; that Ryan did so because he was improperly influenced by Town of Parishville Justice Frank Dunning, who had stated that he "wants all the tires out of here"; and that due to Ryan's false report, plaintiff's sentence of conditional discharge was revoked. As a result, plaintiff was required to make 22 court appearances, threatened with jail time, and sentenced to a fine in excess of $1 million.

Claims of harm stemming from the fabrication of evidence by a governmental official have been recognized under the procedural due process guarantee of the Fifth and Fourteenth Amendments, *see Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000) (recognizing a due process "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity"), and the fair trial guarantee of the Sixth and Fourteenth Amendments. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983."); *see also Jovanovic v. City of New York*, 486 Fed.Appx. 149, 152 (2d Cir. 2012) ("A person suffers a constitutional violation if an (1) investigating official (2)

-5-

fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result."). To make out a claim of deprivation of liberty in this context, a plaintiff need not necessarily have been incarcerated. *See, e.g., Morse v. Spitzer*, 2013 WL 359326, *3 (E.D.N.Y. Jan. 29, 2013) ("[Plaintiff] suffered a deprivation of liberty as a result of the grand jury indictment. He was required to make multiple court appearances over the course of the fifteen months following the indictment, and then defend himself at trial against the criminal charges brought against him."). Reading plaintiff's allegations liberally to raise the strongest arguments they suggest, the Court finds that plaintiff plausibly pleads a section 1983 claim based on Ryan's alleged submission of false evidence to Potsdam Town Court. Ryan has not demonstrated his entitlement to dismissal for failure to state a claim.

Further, Ryan has not demonstrated entitlement to dismissal on statute of limitations grounds. Plaintiff alleges that the revocation of conditional discharge and resultant re-sentence were reversed on August 24, 2012. Until that date, any claim against Ryan would have been premature and subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), on the ground that in effect it sought to impugn the validity of the revocation and re-sentence. Thus, based on plaintiff's allegations, his claim against Ryan accrued on August 24, 2012, and the action, filed on June 26, 2013, was commenced well within the three-year limitations period. Dismissal of plaintiff's claim against Ryan is denied.

## MOTION BY TOWN OF POTSDAM

In support of its motion to dismiss (Dkt. No. 65), the Town of Potsdam relies on *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). Under *Monell*, a municipality can be held liable under section 1983 only if the deprivation of the plaintiff's rights under federal law is

-6-

caused by a custom, policy, or usage of the municipality. *Id.* at 690-91. A municipality cannot be held liable under section 1983 on a *respondeat superior* theory. *Id.* at 691. Nowhere in plaintiff's submissions does he allege any facts which could support a plausible *Monell* claim against the Town of Potsdam. Plaintiff was alerted to this requirement by the Town of Potsdam's motion papers but has not added any factual allegations which would support such a claim. Reading the complaint and plaintiff's other submissions most favorably to plaintiff, with all the liberality to which his *pro se* status entitles him, the Court finds that his claim against the Town of Potsdam must be dismissed.

## CONCLUSION

It is therefore

ORDERED that the motion (Dkt. No. 37) to dismiss by Jonathan Ryan is denied; and it is further

ORDERED that the motion (Dkt. No. 65) to dismiss by the Town of Potsdam is granted and all claims against it are dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York, and to serve plaintiff by regular mail and certified mail, return receipt requested.

IT IS SO ORDERED.

Date: July 25, 2014
      Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge